Cramer *v.* Conn, Appellant.

Argued April 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*William L. Kimmel,* with him *Walker & Kimmel,* for appellant.

*Robert I. Boose,* with him *Joseph N. Cascio,* and *Fike, Cascio & Boose,* for appellees.

OPINION BY FLOOD, J., June 11, 1964:

Plaintiffs sued in ejectment to obtain possession of certain land occupied by the defendant. In his answer, the defendant admits facts showing the superiority of plaintiffs' title but asserts an equitable defence based on principles of restitution, asking that the suit be dismissed or that he be permitted to recover, either directly or through an equitable lien, be-

cause of improvements which he had made while in possession. Plaintiffs' motion for judgment on the pleadings was granted by the court below on the basis of the following facts averred by the plaintiffs and admitted or averred by the defendant:

The land in question was deeded to the South Pennsylvania Railroad Company in 1884 and 1885. Title passed to the Pennsylvania Turnpike Commission by certain mesne conveyances as set forth in *Graham & Co., Inc. v. Pennsylvania Turnpike Commission*, 347 Pa. 622, 33 A. 2d 22 (1943). The Turnpike Commission conveyed it to the plaintiffs on July 3, 1951.

In 1894, the same tract was sold by the county treasurer for nonpayment of taxes to Harry Boyts who sold it to the defendant by a quit-claim deed dated March 22, 1947. In *Graham & Co., Inc. v. Pennsylvania Turnpike Commission*, supra, the Supreme Court held that by reason of the public trust impressed upon this railroad right-of-way, it was exempt from local taxation on real estate and the tax sale was void. Hence, as with the plaintiff in that case, the defendant here had merely color of title, i.e., "the appearance of title without its reality." Id. at 640, 33 A. 2d 31.

Holding that the defendant had constructive notice of the plaintiffs' superior title at the time he made the improvements, the court below concluded that there was no equitable basis for restitution or other defence to the suit and accordingly entered judgment for the plaintiffs on the pleadings.

Under the Act of April 12, 1842, P. L. 262, §20 (72 PS §5875), a purchaser at a tax sale or someone claiming under him is entitled, as an incident to recovery by another against his tax title, to recover for improvements made to the land under the defective title "without regard to the nature of the defects", provided, among other things, that the improvements were not made within two years after the tax sale and the

defects were not known to the purchaser at the time of the sale.

The defendant's answer pleads facts sufficient to bring him within the benefit of this statute. If he proves these facts, he will be entitled to recover for the value of improvements made to the property in question, unless the plaintiffs plead and prove a defence to this claim under the statute. Judgment should not, therefore, have been entered for the plaintiffs on the pleadings.

Judgment reversed.