Josephine LaBracio, Appellant *v.* Northumberland County, Appellee.

Argued September 12, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BLATT, sitting as a panel of three.

*Robert W. Buehner, Jr., Marks and Wagner,* for appellant.

*Preston L. Davis, Davis, Davis & Kaar,* for appellee.

OPINION BY JUDGE BARRY, November 29, 1983:

Petitioner, Josephine Brady LaBracio, her brother, Michael Brady, and sister, Margaret Brady Reddington, were the owners of the real estate in Northumberland County as tenants in common, each owning an undivided one-third interest. The property had unpaid real estate taxes for 1977 and, thus, became subject to sale in September 1979. The County Commissioners of Northumberland County bought the property at that time, then sold it on January 10, 1980, to Millard F., Adaline B., and Donald M. Cook. The Cooks thereafter logged approximately 542 hours of work and hauled 20 loads of fill to improve the property.

The Northumberland County Tax Claim Bureau (Bureau) sent notification of the sale by certified mail to ''Margaret A. Brady, et al., in care of Vito LaBracio, 56 Pinho Avenue, Carteret, New Jersey, 07008.''[1] The return receipt came back to the Bureau marked ''Unclaimed.'' Mrs. LaBracio lived at this address and, in the past, had received notices, regular mail, from the tax collector addressed in the above manner. Whenever Mrs. LaBracio had received a notice to pay taxes sent in this fashion she had paid them. Even though she had contacted the tax collector requesting that separate notices be sent to her brother and sister, the notices continued to come to

---

[1] Vito and Josephine LaBracio had lived here together until October 1977 when they separated. They divorced in January 1980.

her. She had agreed with her brother and sister to pay the taxes since she resided closer to the property. No notices for the payment of taxes nor any notice of the sale of land were ever directed to *Josephine LaBracio or Michael Brady.*

Mrs. LaBracio failed to pay the 1976 taxes on time and received a notice, sent by certified mail, of a tax sale in May 1978. Mrs. LaBracio signed for and claimed the notice on this occasion. She had sent a check for the taxes and a note with her name and return address on it. The check could not be cashed; however, Mrs. LaBracio arranged payment for those taxes.

Mrs. LaBracio failed to pay her 1977 taxes on time and could not recall the receipt of notice of a subsequent tax sale. The Bureau sent her a notice of the sale, by certified mail, on July 3, 1979. The post office returned it to the Bureau marked "Unclaimed."

Mrs. LaBracio testified that she visited the property in February 1980, and learned of the events regarding the sale to the Cooks. Mrs. LaBracio proceeded in June 1980, to challenge the sale by filing a Petition to File Exceptions Nunc Pro Tunc which included a prayer for relief to set aside and remove any cloud on the title of the property.

The trial court heard the case in August 1980, and issued an opinion in December 1980, dismissing the petition and confirming the sale to the Cooks. The trial court essentially held that Josephine LaBracio received adequate notice regarding the sale of her property and that the sale was valid.

Section 602 of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602, requires that a notice of an impending tax sale must be given to a property owner and "notice

of the sale shall . . . be given by the Bureau, at least ten (10) days before the date of the sale, by United States registered mail, *personal addressee only,* return requested, postage prepaid, to *each owner* as defined by this act and by posting on the property . . ." (emphasis added). Due process requires adequate notice when the taking of one's property is involved and compliance with the statutory mandates of notice are obviously critical. Adequate notice, in this situation, requires notification, by certified mail, directed and personally addressed to each owner.

The Supreme Court stated:

[T]he strict provisions of the [act] [are] never meant to punish taxpayers who omitted through oversight or error . . . to pay their taxes. Tax acts were rather meant to protect the local government against willful, persistent, long standing delinquents for whom we hold no brief, and to whom the appellate court decisions have consistently given short shrift.

*Ross Appeal,* 366 Pa. 100, 107, 76 A.2d 749, 753 (1950).

Under Section 602 of the Act, a statutory obligation to send notice to "each owner" exists. Thus, the Bureau has a duty to direct notice to "each" property owner of a pending tax sale.

There are several cases involving proper notice to each taxpayer of a tax sale. In *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), the Court held that Section 602 *"requires* separate and individual notice to each named owner of property; regardless of whether that owner holds in common, in joint, or by the entireties." *Id.* at 628, 406 A.2d at 1378 (emphasis added). However, the Court directed that *Teslovich* have only a prospective effect beginning thirty days after the filing of the decision. Since the initial sale to the County Commissioners in the instant case oc-

curred prior to November 22, 1979, this case is not controlled by *Teslovich.* We are, therefore, bound by the law as it previously existed.

This Court held in *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A.2d 377 (1973), that a single notice addressed to a husband and wife who are owners as tenants by the entireties of land sold at a tax sale and living together at the same address constituted compliance with Section 602 even though the wife alone signed all the receipts for such notices. A single notice addressed to "John W. and Jean G. Schmid" was found to satisfy the notice provisions of the Act. In *C. Everett, Inc. v. Ayres,* 22 Pa. Commonwealth Ct. 422, 349 A.2d 514 (1975), the tax claim bureau mailed notice to "Henry Whitley, Jr., et ux. . . .". The Court held that this designation was insufficient notice to "each owner".

In *Appeal of Stephens,* 53 Pa. Commonwealth Ct. 423, 419 A.2d 206 (1980), Albert and Doris Kasuba had been separated for almost ten years before their divorce in 1978. Albert Kasuba lived at a Rices Landing, Pennsylvania, address while Doris Kasuba lived at a McKeesport, Pennsylvania address. The Greene County Tax Claim Bureau sent notice of the pending tax sale, by certified mail, to: "Albert Kasuba, et ux, . . ." received by him at his Rices Landing address. Albert Kasuba accepted the notice for each owner. Doris Kasuba did not personally receive notice prior to the sale. This Court found that the Bureau did not fully comply with its statutory obligation to send notice to "each owner" by addressing its notice of tax sale to "Albert Kasuba et ux" or "Mr. and Mrs. Albert Kasuba". To comply with the Act the notice of the tax sale should have contained the names of each tenant by the entireties—Doris and Albert Kasuba.

Our case presents another contrasting complexity involving the interpretation of Section 602 of the Act. The provisions of the law clearly require that notice be sent to "personal addressee only" and "to each owner". Here, the Bureau sent notice of the impending tax sale to: "Margaret Brady, et al., . . ." and yet did not direct notice to "personal addressee" nor "to each owner". That is, Josephine LaBracio, a distinct owner as a tenant in common, did not receive a notice specifically addressed to her. Since land owned by tenants in common has more than one owner, a notice must be addressed and sent to each. This Court stated in *Everett* that "when an individual's property rights are at stake, due process requires that he or she be identified with clarity and without disguise so that those rights may be asserted and the owners may fully protect his or her interest in the property concerned." *Id.* at 516. Therefore, the full identification of each tenant in common would afford protection of due process rights.

It has been suggested that multiple notice is not required in each case of multiple ownership. That is it has been required only that separate notices be sent to owners of property as tenants by the entireties where the husband and wife are living apart. However, we find an even more compelling need to require that individual notice of an impending tax sale be directed to an owner of property as a tenant in common. The Bureau, here, sent the notice to "Margaret Brady, et al." rather than to "Josephine LaBracio" as an individual, distinct owner.

The Court recognizes the possible hardship endured by the Cooks in this situation. It is ordered that this case be remanded to the trial court for reconsideration not inconsistent with the holding of this opinion.

ORDER

AND Now, November 29, 1983, the order entered December 29, 1980, by the Northumberland County Court of Common Pleas, Appeal Number CV-79-3274, is reversed. The sale by Northumberland County of the appellant's property is declared null and void. The case is remanded for reconsideration not inconsistent with this opinion and the equitable rights, if any of the Cooks', the purchasers of the property from Northumberland County.

Jurisdiction relinquished.