**In Re: LaBracio**

*Jeffrey Apfelbaum,* for Northumberland County.
*Robert W. Buehner, Jr.,* for LaBracio.
*Preston L. Davis,* for Cooks.

KREHEL, *P.J.,* November 13, 1984—The Commonwealth Court, in its opinion of LaBracio v. Northumberland County, 78 Pa. Commw. 533, 467 A.2d 1221 (1983), voided the tax sale of the LaBracio property and remanded the case to this court to determine the equitable rights, if any, of the Cooks, the purchasers of the property from Northumberland County.

At the October 3, 1984 hearing on this matter, Donald M. Cook, one of the purchasers, testified that the Cooks spent $2,133.81 for the purchase price and costs of acquiring the property in February 1980. The county has stipulated that it would return, without interest, the money collected pursu-

ant to the tax sale to the Cooks. Counsel further stipulated that Josephine LaBracio and the other owners of the property would pay all real estate taxes due and owing on the property. The issues before this court, then, are whether the Cooks are entitled to the value of improvements allegedly made to the property, and, if so, who is required to pay the Cooks.

At the October 3, 1984 hearing, Donald M. Cook testified that he and his father made improvements on the property in the period from April 7, 1980 to late June 1980, when they learned of the LaBracio challenge to the validity of the tax sale. Mr. Cook testified that he and his father filled a "foundation hole" on the property which measured 20 feet by 24 feet by 5 feet deep. It took 20 loads of dirt to fill the hole.

Mr. Cook also testified that trash was picked up and disposed of, brush was cleared, rocks were removed, several trees were cut, and that the grass was mowed and trimmed periodically. It was stated that a total of approximately 600 hours was spent by the Cooks working on the property.

First, this court notes the effect of the pertinent statutory law in this area. The sale of this property by Northumberland County was accomplished pursuant to the Real Estate Tax Sale Law, 1947, July 7, P.L. 1368, No. 542; as amended 72 P.S. §§5860.101 et seq. That law, however, does not address the issue of this case.

The question of the value of improvements which can be recovered by the purchaser at a tax sale, which is later declared to be defective, is covered by Section 20 of the Act of April 12, 1842, P.L. 262, No. 91; 72 P.S. §5875. That this section retains validity, even after the enactment of the Real Estate Tax Sale Law, is shown by its application in Cramer v.

Conn, 204 Pa. Super. 2, 201 A.2d 261 (1964), and United States v. 137.02 Acres of Land, 334 F.Supp. 1021 (M.D., Pa. 1971).

Section 20 provides, in pertinent part,

"No law respecting the sale of land for taxes shall be so construed by any court as to prevent a recovery of the value of the improvements made, in all cases whatsoever where a recovery is effected against a purchaser at a sale for taxes, or other person claiming under him . . . *Provided, that no improvements made within two years after the sale of said land for taxes shall be paid for by the party recovering or purchasing the same:* . . . (Emphasis added). 1842, April 12, P.L. 262, No. 91; 72 P.S. §5875.

The facts show that all the work performed by the Cooks was done within five months of the sale of the property to the Cooks. Therefore, the parties recovering the property, LaBracio, et al., are not liable to the Cooks for any improvements.

Next, this court turns to the possible liability of Northumberland County. In LaBracio v. Northumberland County, supra, the Commonwealth Court found that Northumberland County did not give a proper notice of the tax sale to Josephine LaBracio, thereby denying Ms. LaBracio due process in regard to her property. It was this error on the part of the county which resulted in the hardship to the Cooks. Justice cries out that the wrongdoer be required to compensate the injured and innocent victim for any harm caused by it. Therefore, Northumberland County should be required to reimburse the Cooks for the value of any improvements, without a responsive howl to the cry of justice.

The final issue is the determination of the value of the improvements to the property. Black's Law Dictionary, 5th Ed., defines "improvement" as

"A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility, or to adapt it for new or further purposes . . ." Black's Law Dictionary, 5th Ed., West Publ., 1979, p. 682.

This court finds this definition to be accurate, and apropos.

Applying this definition to the testimony of Donald Cook as to the "improvements" which were made by him and his father, this court determines that the clearing of trash and brush, the removal of rocks and the mowing of grass does not constitute "improvement" in the sense contemplated by 72 P.S. §5875. The testimony of Mr. Cook indicated that most of the property has reverted to its former state. These activities of the Cooks can be classified as "maintenance," but not as "improvement."

However, the filling of the foundation hole *is* an "improvement" under 72 P.S. §5875. This filling of the hole is "more than mere repairs" and, consequently, the value of this improvement should be paid to the Cooks by Northumberland County.

Mr. Cook testified that 20 loads of dirt were used to fill the hole. This court finds that this is a reasonable figure, and determines that the value of the fill dirt is $25 per load, for a total of $500 for the entire 20 loads.

Accordingly, this court enters the following

## ORDER

And now, this November 13, 1984, pursuant to the above opinion, it is ordered:

(1) That the County of Northumberland reimburse the Cooks for the purchase price and costs of

acquiring the LaBracio property in the amount of $2,133.81;

(2) That the County of Northumberland reimburse the Cooks for the value of improvements made by the Cooks in the amount of $500.