541 A.2d 398

In Re: Return of the Butler County Tax Claim Bureau of Tax Sale Held September 8, 1986. Doris Marshalek, Appellant.

Argued March 24, 1988, before Judges MACPHAIL, COLINS and McGINLEY, sitting as a panel of three.

*Andrew M. Miller*, for appellant.

*Frank P. Krizner*, County Solicitor, for appellee, Tax Claim Bureau.

*James Coulter*, for appellee, Robert Raida.

OPINION BY JUDGE McGINLEY, May 5, 1988:

Doris Marshalek (Appellant) appeals an order by Judge RAUSCHENBERGER of the Court of Common Pleas of Butler County, which confirmed and validated the tax sale to purchaser Robert Raida of Appellant's undivided one-fifth (1/5) interest in certain real estate in Butler County.

On September 9, 1986, the Butler County Tax Claim Bureau (Bureau) sold the one-fifth interest Appellant owned as a tenant in common with seven others in 125.70 acres of land in Washington Township, Butler County, Pennsylvania. The sale resulted from the nonpayment of her 1984 real estate taxes. Appellant filed objections to the tax sale on November 6, 1986, and after a hearing on March 18, 1987, the trial court held that the tax sale was confirmed and validated in the purchaser. This appeal followed.[1]

Appellant argues the tax sale should be held invalid for three reasons: first, the description in the tax sale notices was confusing and incorrect; second, Appellant

---

[1] Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a matter of law. *Molchan Appeal*, 94 Pa. Commonwealth Ct. 423, 503 A.2d 1051 (1986).

was told on April 2, 1986, by an employee of the Bureau that she owed no taxes, and therefore disregarded the subsequent tax sale notices she received; and third, none of the other seven owners of the 125.70 acres were notifed of the tax sale.

Appellant's first and second arguments are without merit.[2] Appellant's final argument is that the trial court erroneously determined that the only interest being sold was the separately assessed interest of Appellant and since Appellant was notified there was no reason why the other owners should be notified as their interests were not being sold.

The Bureau relies on Act of May 24, 1917 (1917 Act), P.L. 270, §§1, 2, 72 P.S. §§5968, 5969, which together provide that the interest of any tenant in common or coparcener is not to be sold for the co-owner's failure to pay taxes and that any such co-owner may pay his proportionate share of the tax without affecting the interest of the other co-owners. It also relies on section 12 of the Local Tax Collection Law, Act of May 25, 1945

---

[2] The description in the tax sale notices partially described the real estate as LESTER NAGY ET AL EST. Section 309(c) of the Real Estate Tax Sale Law (Real Estate Act), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.309(c), sets forth requirements as to how property may be described in tax notices. The Bureau's notice contained a notation of a deed book in accordance with Section 309(c)(1) of the Real Estate Act, and an identification with respect to assessment maps found in the assessment office in accordance with Section 309(c)(3) of the Real Estate Act. Only one of these methods is required statutorily. The descriptions were more than adequate. Appellant further argues that there were errors in the names, acreage, location, interest, tax map and parcel and deed references which invalidate the notice. The record does not support this argument.

Appellant's second argument is meritless. The trial court was not persuaded that personnel in the Bureau misrepresented that the real estate taxes were current.

4

(1945 Act), P.L. 1050, *as amended,* 72 P.S. §5511.12, which states in pertinent part:

> Any joint tenant, tenant in common, or coparcener of real property shall have the right to pay his proportionate part of the amount of taxes due thereon. . . . The interest of any such joint tenant, tenant in common or coparcener, shall not be affected by any proceeding or sale to enforce payment of taxes on the other interests in said land.

However section 602(e)(1) of the Real Estate Act, 72 P.S. §5860.602(e)(1), requires that "each owner" must be *notified* of the tax sale. It states:

> (e)   In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
>
> (1)   At least thirty (30) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act.

Each of the eight owners, including Appellant, owns a fractional share in the *whole* 125.70 acre estate. Thus, all eight owners here qualify as "owners" under the definitional section 102 of the Real Estate Act, 72 P.S. 5860.102, for purposes of section 602(e)(1) of the Real Estate Act. Section 102 of the Real Estate Act defines owner as: "The person in whose name the property is last registered, if registered according to law or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording. . . ."

The trial court incorrectly concluded that "a tax sale of a fractional interest in real estate does not require notice to the other owners of the fractional interests

whose interests are not being affected." (Conclusion of Law No. 3.) The trial court erroneously interpreted section 12 of the 1945 Act as eliminating the notice requirement of section 602 of the Real Estate Act. Applied correctly, section 12 of the 1945 Act comes into play during the collection proceedings. Section 602(e)(1) of the Real Estate Act comes into play during the sale of property for delinquent taxes. It is contradictory to acknowledge that other owners of fractional interests exist and to state that their interests may not be affected. The fact that they are owners of fractional interests means they have "interests" that will be affected.[3] The trial court has committed an error of law.

In *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), the Supreme Court held that section 602 of the Real Estate Act "requires separate and individual notice to each named owner of property; regardless of whether that owner holds in common, in joint, or by the entireties." *Id.* at 628, 406 A.2d at 1378. In *Teslovich* the Fayette County Tax Claim Bureau did not mail two separate and individual tax sale notices to Rosetta Shroyer and her husband Garfield Shroyer who held a 29 acre parcel of land as tenants by entireties, but were separated and lived at separate residences for three years prior to the tax sale. The Supreme court affirmed the order of the Commonwealth court setting aside the tax

---

[3] Black's Law Dictionary defines a tenant in common as: Tenants who hold the same land together by several and distinct titles, but by unity of possession, because none knows his own severalty, and therefore they all occupy promiscuously. Where two or more hold the same land, with interests accruing under different titles, or accruing under the same title, but at different periods, or conferred by words of limitation importing that the grantees are to take in distinct shares.
Black's Law Dictionary 712 (5th ed. 1979).

sale stating that "the instant case amply demonstrates the frustration of legislative purpose which can occur when the notice provisions of section 602 of the Real Estate Tax Sale Law are construed to permit a single notice to tenants by entireties." *Id.* at 627, 406 A.2d at 1377.

In the case *sub judice,* Appellant held her one-fifth interest as a tenant in common with seven other tenants in common. The *Teslovich* holding included owners as tenants in common as well as by the entireties as evidenced by this Court's decision in *LaBracio v. Northumberland County,* 78 Pa. Commonwealth Ct. 533, 567 A.2d 1221 (1983).[4] We recognize that none of the other co-tenants objected. However, it is long settled that a valid tax sale requires strict compliance with the notice provisions of Section 602 of the Real Estate Act. *Trussell Appeal,* 102 Pa. Commonwealth Ct. 32, 517 A.2d 221 (1986); *Area Homes Inc. v. Harbucks, Inc. and The Equitable Trust Co.,* 75 Pa. Commonwealth Ct. 97, 461

---

[4] The *LaBracio* case involved property owned by three tenants in common, each owning an undivided one-third interest. One owner failed to pay the 1977 taxes on time and received a notice of a tax sale on July 3, 1979. Notices were sent only to one owner and the entire property was sold. The court found that due process requires adequate notice when the taking of one's property is involved and compliance with the statutory mandates of notice are obviously critical.

The Court found that the Bureau has a duty to direct notice to "each" property owner of a pending tax sale under Section 602 of the Act. It stated:

It has been suggested that multiple notice is not required in each case of multiple ownership. That is, it has been required only that separate notices be sent to owners of property as tenants by the entireties where the husband and wife are living apart. However, we find an even more compelling need to require that individual notice of an impending tax sale be directed to an owner of property as a tenant in common . . . .

*LaBracio* at 538, 467 A.2d at 1224.

A.2d 357 (1983); *Daubenspeck Appeal,* 48 Pa. Commonwealth Ct. 612, 411 A.2d 837 (1980). The sale must be invalidated.

Accordingly, we declare the sale by Butler County of the Appellant's property null and void and we reverse the decision of the Trial Court.

ORDER

AND NOW, May 5, 1988, the order entered May 1, 1987, by the Butler County Court of Common Pleas, Misc. Dkt. No. 86-111, Book 44, Page 210, is reversed.