553 A.2d 515

Catherine Raush, Appellant *v.* Tax Claim Unit of Northampton County and Lawrence Marra, Appel-lees.

Submitted on briefs September 16, 1988, to Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Henry S. Perkin, Perkin, Rapoport, Schattenstein & Feldman,* for appellant.

*John J. Bartos, Bartos, Broughal & Wasylik,* for appellee, Tax Claim Unit of Northampton County.

*Dwight L. Danser,* for appellee, Lawrence Marra.

OPINION BY JUDGE COLINS, February 2, 1989:

Catherine Raush (appellant) appeals an order of the Northampton County Court of Common Pleas (trial court) which dismissed appellant's exceptions and confirmed absolutely a tax sale of owner-occupied property located in Northampton, Pennsylvania. Prior to this tax sale, the property was owned by appellant and her husband, Charles Raush.[1] The property was sold on Sep-

---

[1] Charles Raush is not a party to this action and to the knowledge of this Court has filed no exceptions to the tax sale.

tember 9, 1985 by the Northampton County Tax Claim Unit (Tax Unit) for nonpayment of taxes, pursuant to the Real Estate Tax Sale Law (Law),[2] to Lawrence E. Marra (Marra).

The property in question is located at 1709 Railroad Street, Northampton, Pennsylvania. In 1983 taxes were not paid for this property. Thereafter, in 1984, tax sale proceedings were instituted by the Tax Unit. Consequently, the Tax Unit sent by certified mail the return of taxes notice pursuant to Section 308 of the Law[3] to both appellant and Charles Raush. Charles Raush's notice was returned to the Tax Unit unclaimed. On October 18, 1984, the property was physically posted for sale.

Pursuant to Section 602 of the Law,[4] in May of 1985, the Tax Unit sent by certified mail a notice of the proposed tax sale to appellant and Charles Raush. Charles Raush's notice was again returned unclaimed. The property was then posted for notice of sale on June 15, 1985 and in July, 1985 the Tax Unit effected personal service upon appellant of the notice of tax sale. In August, 1985, the sale of the property was advertised in three newspapers and the Tax Unit sent by certified mail a second notice of tax sale to Charles Raush. Mr. Raush's notice was returned unclaimed.

The property was sold to Marra on September 9, 1985. Two days later, the Tax Unit notified appellant of the sale. Thereafter, on an undetermined date in September, 1985, Marra visited appellant and asked her to execute a deed in his favor. Appellant executed the deed

---

[2] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860-.803. We note that this case is decided under the Law as it existed at the time of the tax sale on September 9, 1985. The law has since been amended to require the taxing authority to make "reasonable" efforts to locate a landowner when notice has been returned as unclaimed.

[3] 72 P.S. §5860.308.

[4] 72 P.S. §5860.602.

and also entered a lease with Marra which provided that appellant would pay $80.00 per month rent in order to remain on the property. Appellant filed exceptions to the tax sale on November 1, 1985, alleging that proper notice was not given. In addition, in July, 1987 appellant filed a quiet title action seeking to set aside the deed which she executed in Marra's favor. Both actions were consolidated at the time of trial as a result of common facts and legal issues. The trial court dismissed the exceptions and confirmed the tax sale. As a result, the trial court ruled that title passed to Marra upon the confirmation of the sale and, therefore, did not reach the issue of the validity of the deed under appellant's quiet title action.

On appeal, appellant raises several arguments. First, appellant claims that the notice which the Tax Unit sent her advising that her property had been sold allowed her to rely upon the represented fact that she may be entitled to an extension of the redemption period for up to twelve (12) additional months under and subject to Sections 502[5] and 503[6] of the Law. In addition, appellant argues that the tax sale is invalid because only one of the joint owners was given notice thereof. Finally, appellant asserts that the deed executed in favor of Marra was the product of coercion and requests that this matter be remanded to the trial court in the event that this Court rules in appellant's favor. We will address these issues *seriatim.*

The personal notice which appellant received on September 11, 1985, contained the following language:

> Your property has been sold at a tax sale on September 9, 1985 for the collection of delinquent taxes incurred in 1983. The owner or owners of any owner-occupied real estate *may be entitled to an extension of the redemption period*

---

[5] 72 P.S. §5860.502. P.S. 185.
[6] 72 P.S. §5860.503.

*for up to twelve (12) additional months* under and subject to the provisions of Sections 502 and 503 of the Real Estate Tax Sale Law. Owners that qualify should contact the Northampton County Tax Claim Unit for further details. ... (Emphasis added.)

Sections 502 and 503 of the Law permit counties, at their option, to extend the period in which a taxpayer may discharge tax claims for up to twelve additional months. To qualify for an extension, a taxpayer must apply as provided by Section 503 of the Law. In the case *sub judice*, however, when appellant received her post sale notice, Northampton County no longer provided the additional time for redemption as allowed by Sections 502 and 503 of the Law, but the notice did not indicate that fact. Thus, appellant contends that she was unjustly denied her right to an extension of the redemption period. Appellant argues that she relied on this notice and, therefore, the County of Northampton should be equitably estopped from denying the additional redemption time as stated in the notice. We disagree.

Section 308 of the Law, which details what information a notice shall provide with respect to redemption, as it existed at the time appellant received her initial notice of unpaid taxes, provided:

Each mailed and posted notice shall ... (3) state that on July first of the year in which such notice is given or if the notice was mailed after July thirty-first, then on the first day of the month (naming it) in which the notice was mailed the one (1) year period of redemption shall commence or has commenced to run, and that if redemption is not made during that period as provided by this act, the property shall be sold pursuant to the provisions of this act and there shall be no further

redemption after such sale and (4) state that the owner of any owner-occupied real estate can apply for an extension of the redemption period for up to twelve (12) additional months under and subject to the provisions of Sections 502 and 503 of this act.

Of course, Section 308 of the Law must be read in conjunction with the other provisions of the Law. Specifically, Section 501(c) of the Law[7] mandated: "There shall be no redemption of any property after the actual sale thereof."

The trial court found, and we agree, that Northampton County's purpose in informing the property owner of the extension provision is to reach those taxpayers who have taken steps to redeem their property within the initial one year period prior to the sale. Thus, these taxpayers who have already taken steps to redeem their property may apply for an extension and the County then decides if an extension is appropriate in the particular instance.

In the case *sub judice,* appellant failed to take any steps toward redeeming her property during the initial one year redemption period despite the fact that she received notice and was aware of her outstanding taxes due and owing, as well as of the fact that her property had been sold. Yet, appellant would have this Court provide her with twelve additional months to redeem her property. We agree with the trial court which found that if appellant had taken steps within the initial one year redemption period she would have been eligible to apply, and *might* have qualified, for an extension of time pursuant to Sections 502 and 503 of the Law. The notice sent to appellant stated that she "may" qualify for an extension of the redemption period. The notice did not,

---

[7] 72 P.S. §5860.501(c).

however, confer an absolute right upon appellant to receive additional time. Appellant failed to pursue any course of action prior to the sale in order to save her property; thus, we do not believe that her inaction was a result of reliance upon the post-sale notice provided by the Tax Unit.

Appellant also argues that the tax sale is invalid because the Tax Unit sent a joint notice of the sale to appellant and her husband in contravention of Section 602(e)(2) of the Law.[8] Appellant argues essentially that since Charles Raush never received notice of the sale, his due process rights were violated and therefore this sale must be set aside. Certainly we are well aware that "under the due process clause a *reasonable effort* must be made to provide *actual* notice of an event which may significantly affect a legally protected property interest." *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 295, 489 A.2d 1334, 1338 (1985) (emphasis in original). In addition, pursuant to Section 602 (e) (1) of the Law,[9] each owner of the property is entitled to separate and individual notice of a tax sale whether the property is owned "in common, in joint, or by the entireties." *Teslovich v. Johnson,* 486 Pa. 622, 628, 406 A.2d 1374, 1378 (1979); *Marshalek Appeal,* 116 Pa. Commonwealth Ct. 1, 541 A.2d 398 (1988); *LaBracio v. Northumberland County,* 78 Pa. Commonwealth Ct. 533, 467 A.2d 1221 (1983).

In the instant matter, appellant is not asserting that she did not receive proper notice of the tax sale, but rather that her husband, who is not a party to this action, did not receive proper notice of the sale. Yet appellant has failed to proffer any evidence to support her conten-

[8] 72 P.S. §5860.602(e)(2).
[9] 72 P.S. §5860.602(e)(1).

tion that the Tax Unit failed to mail Charles Raush notice of the impending sale.[10]

As we have already noted, *Teslovich* and *Marshalek* mandate that the tax authorities send notice of a tax sale to *all* owners. We conclude, however, that the case *sub judice* is distinguishable from both *Teslovich* and *Marshalek*. The record clearly establishes that notices of the sale were mailed to Charles Raush. Mr. Raush simply did not claim these notices. In *Teslovich* and *Marshalek*, on the other hand, the taxing authorities failed to send notices to *all* of the owners. Accordingly, we find that the Tax Unit did comply with the notice provisions of the Law.

Because we find that the Tax Unit followed all of the notice requirements pertaining to the tax sale pursuant to Sections 308 and 602 of the Law as concerns appellant, we find that the sale divested appellant of her legal title to the property. We find it unnecessary, therefore, to address the issue of the validity of the deed executed by appellant in favor of Marra under appellant's quiet title action.

Accordingly, we affirm the order of the trial court.

ORDER

AND NOW, this 2nd day of February, 1989, the Order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[10] The record clearly indicates that separate notices which were addressed solely to Charles Raush, were sent by the Tax Unit.