Township of Concord            :
                                      :
          v.                :     No. 243 C.D. 2016
                                        :     Submitted: September 2, 2016
Frank Aiello,                :
               Appellant     :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                      **FILED:  December 5, 2016**

Frank Aiello appeals from an order of the Court of Common Pleas of Delaware County that denied his petition to set aside a sheriff's foreclosure sale of his one-half interest in real property located in Concord Township, Delaware County, and owned by Aiello and his sister as tenants in common.  On appeal, Aiello argues that the court erred in denying his petition where he owned the property as a tenant in common with a non-party and the property was not partitioned before the sale.  We reverse and remand this matter for entry of an order setting aside the sheriff's sale and requiring a new sale with notice to all interested parties in accordance with the applicable Pennsylvania Rules of Civil Procedure.

The subject property is located at 804 Concord Road, Glen Mills, Pennsylvania, and Aiello owned it with his sister, Leeann Gallagher, as tenants in

common. January 11, 2016, Opinion of Common Pleas at 1-2. In 2005, the Township instituted litigation against Aiello for allegedly failing to comply with specified property maintenance provisions of the Concord Township Zoning Code and for maintaining a nuisance on the subject property. In April 2012, the court rendered a verdict in favor of the Township and against Aiello. Following a June 2012 judgment against Aiello in the amount of $238,750, a writ of execution was entered directing the sheriff to levy upon Aiello's one-half interest in the property. *Id.* at 2. After several continuances but without notice to Ms. Gallagher pursuant to the applicable Pennsylvania Rules of Civil Procedure, Aiello's interest in the property was sold at a sheriff's sale in May 2015. *Id.* at 2 and 5. The sheriff's deed poll was acknowledged and returned on June 29, 2015. *Id.* at 2.

In August 2015, Aiello filed a petition to set aside a sheriff's foreclosure sale of his one-half interest in real property alleging that the sale was improper because he owned the property as tenants in common with a non-party. At a subsequent hearing, Aiello additionally alleged that his sister had not been properly served with notice of the sheriff's sale. The court denied the petition in September 2015 and subsequently opined as follows: (1) the sale of Aiello's interest in the property was proper without a prior partition of the property; (2) Aiello lacked standing to raise issues related to his sister (allegations that she did not have proper notice of the sale and that the sale affected her interest as a cotenant); and (3) the petition was late because Aiello did not file it before the sheriff's delivery of the deed. *Id.* at 4-5. Aiello's appeal is now before us for disposition.

Regarding petitions to set aside a sheriff's foreclosure sale of real property, Pennsylvania Rule of Civil Procedure No. 3132 provides: "Upon petition

2

of any party in interest before delivery of . . . the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Exceptions warranting the granting of such a petition after the sheriff's delivery of the deed include fraud and lack of authority to make the sale. *Mortgage v. Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009). In addition, a petition to set aside a sheriff's sale is governed by equitable principles and addressed to the sound discretion of the trial court. *Allegheny County v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009). The burden of proving circumstances warranting the court's exercise of equitable powers is on the party seeking to set aside the sale. *Id.* The court's ruling on a petition to set aside a sheriff's sale will not be reversed absent an abuse of discretion. *First Union Nat'l Bank v. Estate of Shevlin*, 897 A.2d 1241, 1246 (Pa. Super. 2006).

Additionally, the property law pertinent to the present case is as follows. A tenancy in common is defined as "an estate in which there is a unity of possession but separate and distinct titles . . . ." *Cunius v. Bd. of Assessment Appeals*, 976 A.2d 635, 636 n.1 (Pa. Cmwlth. 2009). Tenants in common are presumed to hold equal shares in the property. *Id.* [citing *Moore v. Miller*, 910 A.2d 704, 709 (Pa. Super. 2006)]. One cotenant's title, however, can be sold, conveyed or disposed of without the consent of his or her cotenant. *Werner v. Quality Serv. Oil Co.*, 486 A.2d 1009, 1012 (Pa. Super. 1984).

Further, a partition is a proceeding to divide land among co-owners and has been characterized as a possessory action, the "purpose and effect being to give to each of a number of joint owners the possession he is entitled to of his share in severalty." *Fry v. Stetson*, 87 A.2d 305, 307 (Pa. 1952) (citation omitted).

The purposes of partition may include: (1) enabling each owner to have exclusive possession and control of his or her share of the estate so as to avoid disagreement and strife; (2) facilitating the transmission of titles to real estate so as to avoid the inconvenience of joint holdings; and (3) allowing joint owners to divest themselves of ownership. 5 Standard Pa. Practice 2d, § 1551.1 at 227 (2002). On the other hand, the treatise authors observed as follows: "Although a sale of the property may become an incident of a partition proceeding, a sale is not the purpose of such a proceeding. Neither is a partition action intended to serve as a means for a conversion of the co-owned property, or a determination of a disputed title." *Id*. at 227-28 (footnotes with citations omitted). In any event, it has long been established that a judgment creditor is not entitled to proceed in a partition action. *Fry*, 87 A.2d at 307; *Stewart v. Allegheny Nat'l Bank*, 101 Pa. 342, 345 (1882); *Long's Appeal*, 77 Pa. 151, 152-53 (1874). As Pennsylvania Rule of Civil Procedure No. 1553 provides: "An action for partition may be brought by any one or more cotenants. All other cotenants shall be joined as defendants."

In the present case, Aiello acknowledges that only a cotenant may institute an action for partition. However, mindful that the definition of a tenancy in common is an undivided half-interest held jointly,[1] he argues that the judgment against him should not have been ripe for execution until after a partition occurred because a sheriff's sale allegedly cannot divide that undivided common interest. Maintaining, therefore, there was no authority for the sheriff's sale, Aiello asserts the following: "To allow a judgment creditor to affect by Sheriff's Sale a prohibited partition renders title held tenants-in-common without any intended protection created by that titling." Aiello's Brief at 17. For somewhat different

---

[1] *Rinios v. Tritsch*, 363 Pa. 127, 129 (1949).

4

reasons, we agree with Aiello that there was no authority for the sheriff's sale.

The problem here was not the absence of a partition. Otherwise, a cotenant debtor could use the failure to pursue and/or complete a partition action as a delay tactic against a judgment creditor.[2] Similarly, the problem did not lie in any failure to procure the consent of the other cotenant for the sheriff's sale, which is not required. *See Werner*, 486 A.2d at 1012. The problem here was the failure to afford the other cotenant notice of the imminent sale of real property that she owned as a tenant in common.

Regarding the requisite notice for sheriff's sales, Pennsylvania Rule of Civil Procedure No. 3129.1 provides:

> (a) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.

> (b) The affidavit shall set forth . . . the name and address or whereabouts of

> (1) *the owner or reputed owner of the real property* and of the defendant in the judgment; and

> (2) every other person who has any record lien on that property; and

> (3) *every other person who has any record interest in that property which may be affected by the sale*[.]

Pa. R.C.P. No. 3129.1(a)(b)(1)-(3) (emphasis added). Further, regarding the execution of that notice, Rule 3129.2 requires handbills, written notice, and publication as notice of the sale of real property to all persons whose names and

---

[2] *See Kaib v. Smith*, 684 A.2d 630, 632 (Pa. Super. 1996) (holding that, "[t]he purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to the judgment creditor.")

addresses are set forth in the affidavit required by Rule 3129.1.

Here, the court rejected the applicability of Rules 3129.1 and 3129.2, noting that Aiello's sister was not the defaulting party and opining that it was unnecessary to afford her notice in that her interest in the property would not be affected by the sale. In rendering the latter determination, the court erred. As the cotenant, the sister was entitled to notice both as an owner of the property, albeit a tenant in common, and as a person who had a record interest which could be affected by the sale. Mindful that notice is the most basic requirement of due process, the Superior Court observed: "The notice requirements of Pa. R.C.P. 3129.1, 3129.2, and 3129.3 [postponement of sheriff's sale and new notice] were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property." *First E. Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364, 1366 (Pa. Super. 1994).

Moreover, case law pertaining to tax sales provides some guidance where tenants in common are involved. In *Appeal of Marshalek*, 541 A.2d 398, 400 (Pa. Cmwlth. 1988), this Court invalidated the tax sale of a taxpayer's fractional interest in property as a tenant in common where notice was not given to the seven other tenants in common. We rendered that determination notwithstanding the fact that none of the other cotenants' interests was being sold, none of them objected, and the failure of one of them to pay his or her proportionate share of taxes would not affect the interest of the other co-owners. In so ruling, we observed: "It is contradictory to acknowledge that other owners of fractional interests exist and to state that their interest may not be affected. The fact that they are owners of fractional interests means they have 'interests' that will

6

be affected." *Id*. at 400. In other words, each of the eight owners owned a fractional share in the whole estate and, therefore, qualified as an owner under the definition thereof found in Section 102 of the Real Estate Tax Sale Law (Real Estate Act).[3] *Id*. In pertinent part, that definition includes "the person whose name last appears as an owner of record on any deed . . . ." 72 P.S. § 5860.102.

Furthermore, the fact that Aiello does not have standing to raise a notice issue on behalf of his cotenant is of no moment. As we held in *Marshalek*: "[I]t is long settled that a valid tax sale requires strict compliance with the notice provisions of Section 602 of the Real Estate Act."[4] 541 A.2d at 401. In that regard, even though *Marshalek* involved a tax sale and statutory notice provisions, the Pennsylvania Rules of Civil Procedure in the present case similarly provide the framework for notice to property owners and were not followed.[5] Under both scenarios, property interests could be affected by the sale.

In summary, even though Aiello's interest as a cotenant could have been sold, conveyed or disposed of without the consent of his cotenant and before or in the absence of a partition by and between them, the sale should not have proceeded in the absence of notice to his sister as one of the owners of the property

---

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.102.

[4] 72 P.S. § 5860.602.

[5] The Township attempts to impute knowledge of the impending sale to the sister by virtue of her inclusion in certain filings (Aiello's petition for relief of automatic stay from final bankruptcy), her role at the April 2015 emergency motion to stay the said sale and alleged appearance at the subsequent sale. Township's Brief at 5 n.2. It is clear, however, that the failure to comply with the notice provisions cannot be excused because the person to whom notice was not afforded somehow became aware of it and attended the sale. *See Campstead, Inc*., 637 A.2d. at 1367 (holding that, notwithstanding the appearance of an officer of the corporate terre tenant at a sheriff's sale after learning of it fortuitously the day before, the court erred in holding that the sale was not rendered defective in the absence of compliance with the rules of notice applicable to sheriff's sales).

and/or as a person with a record interest in that property that could be affected by the sale. The absence of such notice constitutes a lack of authority to make the sale thereby triggering an exception to granting such a petition to set aside sheriff's foreclosure sale *after* the sheriff's delivery of the deed.

Accordingly, we reverse the court's order denying Aiello's petition and remand this matter for entry of an order setting aside the sheriff's sale and requiring a new sale with notice to all interested parties in accordance with the applicable Pennsylvania Rules of Civil Procedure.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Township of Concord | : | |
| | : | |
| v. | : | No. 243 C.D. 2016 |
| | : | |
| Frank Aiello, | : | |
| Appellant | : | |

# O R D E R

AND NOW, this 5th day of December, 2016, the order of the Court of Common Pleas of Delaware County is hereby REVERSED. We REMAND this matter for entry of an order setting aside the sheriff's sale and requiring a new sale with notice to all interested parties in accordance with the applicable Pennsylvania Rules of Civil Procedure.

Jurisdiction relinquished.

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge