**John C. KROHN and Pamela J. Krohn, Appellants,**

v.

**SNYDER COUNTY BOARD OF ASSESSMENT APPEALS.**

**Richard A. Krohn and D. Elaine Krohn, Appellants,**

v.

**Snyder County Board of Assessment Appeals.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2012.

Decided Jan. 23, 2013.

Thomas C. Clark, Middleburg, for appellants.

Robert M. Cravitz, Selinsgrove, for appellee.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

■ These consolidated cases involve the appeals of Richard A. Krohn and D. Elaine Krohn, husband and wife (the Krohns Sr.), and John C. Krohn and Pamela J. Krohn, husband and wife (the Krohns Jr.) (collectively, the Krohns), from the decisions of the Court of Common Pleas of the 17th Judicial District (Snyder County Branch)(trial court) denying their appeals from the reassessment of their respective properties by the Snyder County Board of Assessment Appeals (Board). We reverse.[1]

The Krohns Sr. own a tract of land containing two acres in Snyder County (Barn Tract). There is a barn on the land. By notice dated January 20, 2010, the Board reassessed this property, changing the assessed value from $2,090 to $3,770, noting as the reason for change "the sale of land and the assessment of a home site not assessed previously." (Exhibit 2, Krohns Sr. Reproduced Record (R.R.) at 55a.) The sale of land mentioned in the Board's notice was the transfer by the Krohns Sr. of their adjoining farm (Krohn Farm), to the Krohns Jr. The Snyder County Assessor's office has a longstanding policy of including a home site value to tax parcels for which that office determines that a residential home site constitutes the highest and best use[2] for the parcel, or a part of the parcel. (May 30, 2012 Opinion of the trial court (Krohns Sr. Tr. Ct. Op.), Findings of Fact (F.F.) ¶¶ 4, 10.) The Krohns Sr. filed an appeal with the Board and after a hearing, the Board denied the appeal, and the Krohns Sr. appealed to the trial court.

The Krohns Jr. are the son and daughter-in-law of the Krohns Sr. In December 2009, the Krohns Jr. acquired, by deed of gift from the Krohns Sr., the Krohn Farm, a tract of land containing 122 acres, more or less, of vacant land in Middlecreek Township, Snyder County. In 1996, the Krohns Sr. recorded a subdivision plan for this property (with one tract containing 101 acres, more or less, to the north of Hollow Road, and the other containing 19.97 acres to the south of Hollow Road), but neither of the two lots were ever separately conveyed, and the Krohns Jr. acquired the property as one parcel in their deed. (May 30, 2012 Opinion of the trial court (Krohns Jr. Tr. Ct. Op.), F.F. ¶¶ 3– 4.) By notice dated January 20, 2010, the Board advised the Krohns Jr. of a new or adjusted valuation for Krohn Farm, from $16,640 to $18,610. (Id., F.F. ¶ 5.) The reason for change was noted as "the purchase of land."[3] (Exhibit 2, Krohns Jr. R.R. at 64a.) The Krohns Jr. timely appealed the reassessment, challenging the invalidity of the assessment change as a

---

1. Our review in tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law, or reached a decision not supported by substantial evidence. *Herzog v. McKean County Board of Assessment Appeals,* 14 A.3d 193, 199 n. 15 (Pa.Cmwlth.2011).

2. The Board's briefs note that " 'highest and best use' is defined in *The Appraisal of Real Estate, Eighth Edition, American Institute of Real Estate Appraisers* (1983) as '[t]he reasonable and probable use that supports the highest present value, as defined, on the date of the appraisal.' In order to determine the highest and best use, the use must be 1) physically possible, 2) legally permissible, 3) financially feasible, and 4) maximally productive. *Id."* (Board's Krohn Sr. Brief at 6, Board's Krohn Jr. Brief at 6.)

3. Before the trial court, the Chief Assessor testified that the Krohns Jr.'s notice had been incorrectly coded, and should have reflected that the reassessment was due to both the purchase of land and the assessment of a home site. (May 3, 2012 Transcript (H.T.) at 51, Krohns Sr. R.R. at 185a, Krohns Jr. R.R. at 197a.)

spot assessment, their appeal was denied, and they appealed to the trial court.

The trial court ruled that although the Krohns were correct in claiming that none of the reasons for a change in valuation of property set forth in Section 602.1 of the Fourth to Eighth Class County Assessment Law (Law)[4], 72 P.S. § 5453.602a applied to their respective properties, the reassessment of their respective properties was proper and necessary in order to comply with Article VIII, Section 1 of the Pennsylvania Constitution (commonly known as the Uniformity Clause).[5] The trial court explained that failure to reassess consistent with Snyder County's long-standing policy of assigning a home site to parcels of vacant land would violate the Uniformity Clause, because similarly situated properties would not be uniformly treated. (Krohns Sr. Tr. Ct. Op. at 4–5, Krohns Jr. Tr. Ct. Op. at 4–5.)

By stipulation to consolidate cases pursuant to Pennsylvania Rule of Appellate Procedure 513, the parties agreed that a conveyance of land from the Krohns Sr. to the Krohns Jr. gave rise to the change of assessment in both cases, and the same questions were involved in both appeals. On appeal to this Court, the Krohns argue that the trial court erred in denying their appeals from an alleged spot reassessment of their respective properties when the County's Chief Assessor conceded at trial that none of the changes in valuation set forth in the Law applied to their respective properties.

Section 602.1 of the Law, states:

Changes in Valuation—The board may change the assessed valuation on real property when (i) *a parcel of land is divided and conveyed away in smaller parcels,* or (ii) when the economy of the county or any portion thereof has depreciated or appreciated to such extent that real estate values generally in that area are affected, and (iii) when improvements are made to real property, or existing improvements are removed from real property or are destroyed. (italics added.)

72 P.S. § 5453.602a.

We note first that the two-acre Barn Tract owned by the Krohns Sr. had been created by a previous subdivision at the time it was acquired, in 1986, and no theoretical homesite was added at that time. The Chief Assessor testified that there was no subsequent subdivision or conveyance of the Barn Tract. (May 3, 2012 Hearing Transcript (H.T.) at 12, 15, Krohns Sr. R.R. at 146a, 149a, Krohns Jr. R.R. at 158a, 161a.) With regard to the Krohn Farm, although the Krohns Sr. recorded a subdivision plan in 1996, neither of two proposed tracts were ever separately conveyed, and the trial court agreed that none of the reasons for a change in valuation of the property set forth in Section 602.1 applied. (Krohns Jr. Tr. Ct. Op. at 4.) However, the trial court ruled that the reassessment of both the Krohns Sr.'s and the Krohns Jr.'s properties did not constitute illegal spot assessments because

4. Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§ 5453.101–5453.706, *added* by the Act of January 18, 1952, P.L. (1951) 2138, *repealed by* section 6(1)(ii) of the Act of October 27, 2010, P.L. 895, effective January 1, 2011. The Fourth to Eighth Class County Assessment Law was replaced by the Consolidated County Assessment Law, 53 Pa.C.S. §§ 8801–8868, also effective on January 1, 2011. Because these matters arose prior to

this date, they are still governed by the Fourth to Eighth Class County Assessment Law.

5. Article VIII, Section 1 of the Pennsylvania Constitution states that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

although they were not part of a county-wide reassessment, in neither case did the reassessment create, sustain or increase disproportionality among assessed value of property.

A spot reassessment is defined as "the reassessment of a property or properties that is not conducted as part of a county-wide revised reassessment and which creates, sustains or increases disproportionality among properties' assessed values." 72 P.S. § 5342.1.[6] In *Berwick Associates v. Columbia County Board of Assessment Appeals*, 929 A.2d 708 (Pa.Cmwlth. 2007), the trial court had failed to consider a real estate owner's contention that an impermissible spot assessment had occurred, and the borough argued, as the Board does here, that a real estate owner had offered no evidence as to whether the reassessment created, sustained, or increased disproportionality among assessed values. This Court stated "[w]e do not believe we need to confront the [b]orough's argument. Although Berwick couched its issue in terms of spot assessment, the Court must primarily address the question of whether, under the Fourth to Eighth Class County Assessment Law, the [b]oard improperly reassessed Berwick's property." *Id.* at 709. This Court went on to analyze the county board of assessment's power to reassess where no countywide reassessment had occurred, quoting this Court's decision in *In re Young*, 911 A.2d 605, 608–9 (Pa.Cmwlth.2006):

> It is generally acknowledged that, once a value has been established for a tax-able property, that value cannot be changed absent one of the following circumstances: (1) undertaking of a county-wide reassessment; (2) appeal of property assessment by either the landowner pursuant to section 701 of the Assessment Law, 72 P.S. § 5453.701, or by the taxing authority under section 706 of the Assessment Law, 72 P.S. § 5453.706; (3) need for a downward adjustment is necessary under section 703.3 of the Assessment Law, added by section 2 of the Act of September 28, 1965, P.L. 550, *as amended*, 72 P.S. § 5453.703c; (4) need to correct a mathematical or clerical error; or (5) presence of one of the three conditions outlined in section 602.1 of the Assessment Law, 72 P.S. § 5453.602a. **When none of these circumstances exist, a taxing authority's reassessment of property constitutes an impermissible spot assessment.**

*Berwick Associates*, 929 A.2d at 710 (citations omitted, emphasis added).

■ Ignoring the fact that, *sub judice*, no parcel of land has been *divided and conveyed away in smaller parcels*, as set forth in Section 602.1 of the Law, added by the Act of September 23, 1961, P.L. 1604, the Board argues that the transfer of an *adjoining* parcel of land by the Krohns Sr. to the Krohns Jr., which had been part of a preexisting subdivision plan, was the triggering event that precipitated its determination that the highest and best use of the Krohns' properties was for a home-site.

6. Section 1.1 of the Law, added by the Act of December 13, 1982, P.L. 1165. The definition of "spot assessment" is found in Section 1.1 of the Act of June 26, 1931, P.L. 1379, amended by the Act of July 19, 1991, P.L. 92 (Act 21), 72 P.S. §§ 5342.1, which pertains to tax assessment in Second Class A and Third Class Counties. Although Snyder County is a county of the Seventh Class, our Supreme Court has held that the definitions in the Second Class A and Third Class County Assessment Law apply to all counties under Section 104 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020-104. *Groner v. Monroe County Board of Assessment Appeals*, 569 Pa. 394, 803 A.2d 1270 (2002).

We find that the trial court's determination that the reassessment of the Krohns' properties was required by the Uniformity Clause was in error. The Chief Assessor testified that a homesite value was added to the Barn Tract "because there was no site value there. The property already had a barn on it. And highest and best use of that property would be to build upon that site." (H.T. at 9, Krohns Sr. R.R. at 143a, Krohns Jr. R.R. at 155a.) She stated that her office administratively and routinely assigns homesites, and increases the value of properties to reflect the homesites, explaining:

> So we look at the highest and best use, and we say is—is it physically possible to put a home there. Is there zoning there that would limit the construction on that parcel. In this case, no ... Is it physically possible to put a home or structure on this parcel? In this case, probably so. And then we look, is it financially feasible for them to do that. Would it be in their best interests to put a home there and sell that property? Most likely, yes.

(H.T. at 14, Krohns Sr. R.R. at 148a, Krohns Jr. R.R. at 160a.)

The Chief Assessor acknowledged, however, that no one from her office physically inspected the land, or performed a percolation test. (H.T. at 14, 32, Krohns Sr. R.R. at 148a, 166a, Krohns Jr. R.R. at 160a, 178a.) "[W]hile a hypothetical highest and best use may make a property more attractive to a purchaser, it cannot be taxed on the hypothetical use as if it were a current use. This holding is inconsistent with the theory of ad valorem taxation, i.e., real estate taxes based on the actual value of the property, not its hypothetical value." Goodman Varner, *Assessment Law and Procedure in Pennsylvania,* at 261 (2012 Ed.). *Sub judice,* the Board applied a hypothetical value in order to increase the

value for taxation purposes. This is not consistent with the Law. It does amount to an impermissible spot reassessment.

The Uniformity Clause mandates uniform rates of taxation on similarly situated properties. The fact that the Board has chosen to arbitrarily increase the value of property by declaring homesites where no homes exist, and where no subdivision plan has been filed, designating the property as being an individual homesite, is simply a fictitious method of increasing the taxable value of the property by assigning it an unsupported hypothetical value.

Accordingly, we reverse the orders of the trial court denying the appeals of the Krohns Sr. and the Krohns Jr., and remand to the trial court with directions to order the Board to nullify the January 20, 2010 assessments of the Barn Tract and the Krohn Farm, to restore the previously established assessments for the Krohns' properties, and to refund any taxes paid as a result of the January 20, 2010 assessments. The Krohns' request for costs is denied.

### ORDER

AND NOW, this 23rd day of January, 2013, the order of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Snyder County Branch, is REVERSED. This matter is REMANDED to the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Snyder County Branch, with directions to order the Snyder County Board of Assessment Appeals to nullify the January 20, 2010 assessments to (i) property owned by Richard A. Krohn and D. Elaine Krohn, husband and wife, identified at Snyder County Tax Map 11–03–129, and (ii) property owned by John C. Krohn and Pamela J. Krohn, husband and wife, identified at Snyder County Tax Map 11–03–049; to restore the previously established assess-

ments for said properties; and to refund any taxes paid as a result of the January 20, 2010 assessments. The request of Appellants for costs is DENIED.

Jurisdiction relinquished.