DISSENTING OPINION BY
Judge COHN JUBELIRER.
I respectfully dissent. Although I agree with the majority’s analysis regarding the changes to the assessment of the property owned by James B. Blanda and Suzanne R. Blanda (Blandas) based on the square footage and number of stories, I would also find that the Somerset County (County) Assessment Office (Assessment Office) also properly changed the assessment based on the increase in the construction grade for the Blandas’ property. Therefore I would affirm the Somerset County Court of Common Pleas (common pleas) in its entirety. ’ '
Section 8816(b) of the Consolidated County Assessment Law, 53 Pa.C.S. § 8816(b), allows a county to increase an assessment based upon-.the discovery of a clerical or mathematical error. See also, Krohn v. Snyder County Board of Assessment Appeals, 62 A.3d 476, 479 (Pa.Cmwlth.2013) (identifying five circumstances where the established value for a property may be. changed including the “need to correct a mathematical or clerical error” (internal quotation mark omitted)); Callas v. Armstrong County Board of Assessment, 70 Pa.Cmwlth, 272, 453 A.2d 25, 27 (1982) (assessments containing mathematical or clerical errors not uniform or based on actual value; taxing authority has power and duty to correct erroneous assessments).
The majority concludes that common pleas erred when it held “that the Assessment Office could change the grade of the [Blandas’ pjroperty from D-minus to C-plus based upon information from the field -officers on construction and type of materials, photos, and opinion,” and states that “[t]he basis for the change in the construction grade does not amount to a mathematical ór clerical correction to the assessment records.” Blanda v. Somerset County Board of Assessment Appeals, 131 A.3d 560, 565, 2016 WL 56250 (Pa.Cmwlth.2016) (internal quotation marks omitted). Rather, the change was made based upon Assessment Office staff recommendations “as a result of their current view of the Property, not because of an error in the record.” Id. at 565. The majority, thus, posits that “the Assessment Office failed to show a mathematical or clerical error regarding the” construction grade and that the alteration, therefore, is not permitted. Id.
In Callas, this Court approved mathematical and clerical corrections to the record because they were made to accurately reflect the correct information at the time of the previous county-wide assessment, there a value of $500 per front foot rather than the $300 per front foot value applied in error. Callas, 453 A.2d at 26-27. Here, the correct information at the time of the last county-wide assessment in 2008 was that the Blandas’ property had: two *567 and one-half stories as opposed to the one story structure reflected in the Assessment Office’s records; a square footage of 4,274 square feet rather than the 2,206 square feet reflected in the records;' and, better construction and materials than indicated in the records.
The evidence at the hearing before common pleas showed that the assessment for Blandas’ lodge contained mathematical and clerical errors that resulted in an incorrect assessment. I would hold that all of the changes in the Blandas’ assessment fall squarely within the exception allowing the correction of mathematical or clerical errors. The corrections were made to accurately reflect the actual information at the time of the prior cqunty-wide reassessment in 2008. The corrections deal strictly with clerical and mathematical errors in the descriptive information about the lodge in the assessment record. If the descriptive information includes the number of stories and the square footage, it surely must include the construction and type of materials.
The record before common pleas establishes that the changes to the Blandas’ assessment were based solely on correct-ing errors found in the 2008 assessment records. As such, I would agree with common pleas that the updated assessment, in its entirety, falls within the Callas exception and, thus, would affirm.