603 A.2d 264

**David H. KRAUSHAAR, Rebecca Kraushaar, Norman Heyman and Edith Heyman, Appellants,**

**v.**

**WAYNE COUNTY BOARD OF the ASSESSMENT AND REVISION OF TAXES, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1991.

Decided Jan. 30, 1992.

Petition for Allowance of Appeal Denied Aug. 24, 1992.

Scott B. Bennett, for appellants.

Lee C. Krause, for appellee.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

David H. Kraushaar, Rebecca Kraushaar, Norman Heyman and Edith Heyman (Developers) appeal from an order of the Court of Common Pleas of Wayne County which affirmed the tax assessments of 26 lots in a plan of subdivision.

The Developers subdivided 119.119 acres of real property into 27 separate lots for a proposed residential development. After the recording of the subdivision plan, one of the lots was sold. Six of the lots were located on a cul-de-sac which was paved. After the subdivision and the improvements, the Board of Property Assessment raised the assessment of $17,880 to $147,300, which was the aggregate of the separate assessments placed on each of the 26 lots. The Devel-

oper filed 26 appeals from the assessments on each of the subdivided lots, contending that the Board did not have the authority to reassess the property.

On October 18, 1989, the Developers appealed the assessment of each of the lots and the appeals were subsequently consolidated. The Board informed the Developers by letter dated December 22, 1989, that after review, the total valuation for the property in question had been reduced from $147,300 to $102,190.[1] On January 25, 1990, the Developers filed a petition for appeal of assessments with the Court of Common Pleas of Wayne County. After a hearing, the trial court issued an opinion and order dated October 18, 1990, denying and dismissing the Developers' petition and affirming the Board's assessment. The instant appeal followed.

■ The Developers contend that the trial court erred in determining that the lots at issue were properly subject to reassessment pursuant to Section 602.1 of The Fourth To Eighth Class County Assessment Law [2] (Assessment Law), 72 P.S. § 5453.602a. Section 602a provides in pertinent part:

> The board may change the assessed valuation on real property when (i) a parcel of land is divided and conveyed away in smaller parcels, or (ii) when the economy of the county or any portion thereof has depreciated or appreciated to such extent that real estate values generally in that area are affected, and (iii) when improvements are made to real property or existing improvements are removed from real property or are destroyed.

The Developers interpret this provision to mean that only the lots which are sold from the property subdivided or specifically improved are subject to reassessment, but not the lots that remain. By doing so, Developers misinterpret the language of this provision, but also end with a result

1. A list containing the assessment for each of the lots in question was attached to the December 22, 1989 letter.

2. Act of May 21, 1943, P.L. 571, *as amended,* added by Section 2 of the Act of January 18, 1952, P.L. (1951) 2138, *as amended.*

that is unconstitutional under the uniformity requirement of Article IX, Section 1 of the Pennsylvania Constitution.

In enacting Section 602.1, the General Assembly recognized that the assessed value of the subdivided property does not automatically increase merely because it is subdivided. By adding a requirement that prior to being reassessed that one of the lots is to be conveyed or improvements had to be made, the General Assembly recognized that the sale of a lot would establish the property's market value and any improvement, even to only a portion of the parcel, would have an effect on the value of the remaining parcels, thereby warranting that each lot be reassessed up or down. The General Assembly expressed a similar sentiment in Section 513(b) of the Pennsylvania Municipalities Planning Code,[3] 53 P.S. §§ 10513(b) by providing:

> The recording of the plat [subdivision] shall not constitute grounds for assessment until such time as lots are sold or improvements are installed on the land included within the subject plat.

Both of these provisions indicate the intent of the General Assembly to forbear reassessing property merely because it has been subdivided, but once there has been a change in condition of the property, i.e., such as a sale or improvement, to allow a reassessment of each new lot to occur.

Moreover, it has been consistently held that the uniformity provision of the Pennsylvania Constitution requires that all real estate similarly situated must be taxed at the same amount.[4] In *Lower Merion Township v. Madway*, 427 Pa. 138, 147, 233 A.2d 273, 278 (1967), our Supreme Court struck down a provision that exempted new residential construction from increased taxation until it was sold as being violative of the uniformity provision of the Pennsylvania Constitution. It held that uniformity demands that "one person's *real estate tax* must be computed

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.
4. All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax. Pa. Const. Art. IX, § 1.

in the same manner as his neighbors." (Emphasis in original.) By adopting Developers' suggested interpretation, unconstitutional non-uniformity of taxation of the type struck down in *Lower Merion* would result. As in *Lower Merion,* one landowner's property would be valued differently than his or her neighbor's simply because his or her lot was or was not sold. To give a simple example: a developer, having a two acre parcel assessed at a fair market value of $10,000, subdivides the two acre parcel into two identical one acre lots, then sells one of the acre lots for $10,000. Under the Developers' interpretation, the lot sold would be assessed at $10,000 and the other identical parcel at $5,000 (half of the $10,000), even though both for all intents and purposes are identical. Such a result, whether it involves a two lot or a 27 lot subdivision, would violate the uniformity requirement of Article IX, Section 1 of the Pennsylvania Constitution, because owners of neighboring lots would pay substantially different amount in real estate taxes.

■ Because we are required to interpret a statute both in accord and together with other statutes dealing with the same subject, 1 Pa.C.S. §§ 1921(c)(5), 1932, and in a manner that will be constitutional, 1 Pa.C.S. § 1922, we agree with the trial court that all of the lots are subject to reassessment. Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 30th day of January, 1992, the order of the Court of Common Pleas of Wayne County, dated October 18, 1990, No. 111–1990 Civil, is affirmed.