**John W. CUNIUS, Jr., Appellant**

**v.**

**BOARD OF ASSESSMENT APPEALS OF CHESTER COUNTY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 23, 2009.

Decided June 4, 2009.

Gerald F. McCormick, West Chester, for appellant.

Michael P. Trainor, West Chester, for appellee, Board of Assessment Appeals of Chester County.

Shannon M. Reilly, West Chester, for appellee, West Chester Area School District.

BEFORE: LEADBETTER, President Judge, and SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

John W. Cunius, Jr. appeals from the order of the Court of Common Pleas of Chester County, which denied his real estate tax assessment appeal and affirmed the assessment imposed by the local tax authority. The issue raised on appeal is whether the local tax authority may properly increase the total assessed value of an apartment building, owned by a father and son as tenants in common and then converted into a two-unit condominium, upon conveyance of the condominium units to the former co-tenants such that father and son each took individual ownership of one unit. On appeal, we affirm.

Prior to July 31, 2006, Cunius and his son, Edward, owned a 68–unit apartment building (the property) as tenants in common.[1] The apartment building is situated on a 2.1–acre parcel of land located in the Borough of West Chester, Chester County. At that time, the property was assessed at $1,535,730.00.[2] On July 31, the Cuniuses, as declarants, filed a declaration of condominium and submitted the property to condominium ownership. The property was divided into two condominium units; Unit 1 consisted of 44 apartments and 62% of the common area, and Unit 2 consisted of 24 apartments and 38% of the common area. On August 1, John and Edward conveyed Unit 1 to John and Unit 2 to Edward.[3]

After the declaration of condominium was filed, the local assessment board assigned individual tax parcel numbers to each condominium unit and, following conveyance of the two units to John and Edward as individual owners, the board increased the assessment of Unit 1 from $1,535,730.00 to $1,856,490.00 and assessed Unit 2 at $1,012,610.00. The Cuniuses appealed their individual assessments and a combined hearing before the Chester County Board of Assessment Appeals followed.

According to Cunius, he presented evidence demonstrating that the property was not physically improved in any manner and that the declaration of condominium represented only a change in the form of ownership. The Board affirmed each assessment and separate appeals to common pleas followed. Apparently, common pleas was faced only with a question of law, to-wit, whether the increase in property assessment was permissible following conversion of the apartment property by the co-tenant owners, as declarants, to a 2–unit condominium, and the subsequent conveyance of a unit to each declarant. Neither John nor Edward presented any

1. "A tenancy in common is an estate in which there is a unity of possession but separate and distinct titles.... Each tenant has a right to the entire, but not to the sole, possession." 23 P.L.E.2d Estates in Property § 41 (2008). *See also In re Sale of Property of Dalessio*, 657 A.2d 1386, 1387 n. 1 (Pa.Cmwlth.1995) (describing rights of tenant in common; *Moore v. Miller*, 910 A.2d 704, 709 (Pa.Super.2006) (noting that it is well established that "tenants in common are presumed to hold equal shares in the property.").

2. Although this cannot be ascertained in the record, this value does not appear to be in dispute.

3. While our description of the ownership of the units is based on appellant's assertion of facts (common pleas's findings are less detailed), the documentation contained in the record indicates that these facts may actually be reversed. For instance, the declaration of condominium states that 38% of the interest is assigned to Unit 1 and 62% interest to Unit 2. Further, according to the deed contained in the record, Unit 1 was conveyed to Edward, not John. These discrepancies do not affect resolution of the appeal.

evidence regarding the fair market value of his unit or the property as a whole.

Noting that Section 3105 of the Uniform Condominium Act, 68 Pa. C.S. § 3105, requires that each condominium unit be separately taxed and assessed if "there is a unit owner other than a declarant" and, that, following conveyance, the ownership of the units changed from a co-tenancy, wherein each owner had an interest in the property as a whole, to individual ownership, which limited each owner's interest to his individual unit and a share of the common area, common pleas affirmed the assessments. In doing so, common pleas commented that no evidence was offered to establish that the amount of the assessment was improper.[4] The present appeal followed.

On appeal, Cunius does not challenge the propriety of issuing separate tax assessments for the condominium units.[5] He argues, however, that the increase in assessment was not permitted under the Uniform Condominium Act,[6] The General County Assessment Law[7] or the Second Class A and Third Class County Assessment Law (Assessment Law)[8] and, there-

fore, the increase constituted an illegal spot reassessment. We disagree.

The Uniform Condominium Act (Act or Condominium Act) regulates the creation and operation of condominiums. Pursuant to the Act, a "condominium" is defined as "[r]eal estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions." 68 Pa.C.S. § 3103.[9] A condominium is created by the execution of a declaration by all persons whose interests in the real estate will be transferred to unit owners. 68 Pa.C.S. § 3201.[10] The declaration is recorded in the same manner as a deed. *Id.* Because the creation of a condominium alone does not constitute a conveyance, simply recording the declaration establishing the condominium is not a taxable event and should not subject the declarants to state or local transfer taxes. *Id.* (Pennsylvania Comment—1978).

With respect to the critical statutory provisions governing the assessment of real estate in this case, we note that the reassessment of an individual property alone, known as "spot reassessment," is prohibited except in limited circumstances.[11] *See* Section 7.1 of the Assess-

4. Common pleas did not address, however, whether the change in valuation was permissible under the act commonly referred to as the Second Class A and Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§ 5342–5350k, which governs assessments in Chester County.

5. According to Cunius, the tax authority should have apportioned the prior assessment of $1,535,750 between each unit based upon its percentage of ownership of the total property.

6. 68 Pa.C.S. § 3101–3414.

7. Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–1–5020–602.

8. Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§ 5342–5350k.

9. Further, real estate does not qualify as a condominium unless "the undivided interests in the common elements are vested in the unit owners." 68 Pa.C.S. § 3103.

10. While the Act does not define "declaration," the Uniform Law Comment (provided by the National Conference of Commissioners on Uniform State Laws) defines the term as "any instruments, however denominated, which create a condominium, and any amendments to those instruments." *See* Uniform Law Comment to Section 3201 of the Act.

11. "Spot reassessment" is statutorily defined as the "reassessment of a property ... that is not conducted as part of a countywide revised reassessment and which creates, sustains or increases disproportionality among proper-

ment Law, added by the Act of July 19, 1991, P.L. 91, 72 P.S. § 5348.1 (providing that the board "shall not engage in the practice of spot reassessment"). As we noted in *Sher v. Berks County Board of Assessment Appeals*, 940 A.2d 629, 633 (Pa.Cmwlth.2008), county assessors and assessment boards "cannot reassess less than an entire county except [for] correction of errors or as otherwise specifically provided by statute." (Emphasis deleted and quotation omitted). Here, under the Assessment Law, individual properties may be reassessed as follows:

> The subordinate assessors may change the assessed valuation on real property *when a parcel of land is divided and conveyed away in smaller parcels* or when improvements are made to real property or existing improvements are removed from real property or are destroyed. The painting of a building or the normal regular repairs to a building aggregating [$2,500] or less in value annually shall not be deemed cause for a change in valuation.

Section 6.1 of the Assessment Law, added by the Act of July 19, 1991, *as amended,* 72 P.S. § 5347.1 (emphasis added).

The Uniform Condominium Act (Condominium Act or Act) also provides for the assessment of condominium units. Section 3105 of the Act provides:

### § 3105 Separate titles and taxation

**(a) Title.**—Except as provided in subsection (b), *each unit*[12] together with its common element interest *constitutes for all purposes a separate parcel* of real estate.

**(b) Taxation and assessment.**—*If there is a unit owner*[13] *other than a declarant,*[14] each unit together with its common element interest, but excluding its common element interest in convertible or withdrawable real estate, *shall be separately taxed and assessed,* and each portion of any convertible or withdrawable real estate shall be separately taxed and assessed; otherwise the real estate comprising the condominium may be taxed and assessed in any manner provided by law.

68 Pa.C.S. § 3105 (footnotes and emphasis added).

Therefore, primarily focusing on Section 6.1 of the Assessment Law, if the conversion of the property from ownership by cotenants to a 2–unit condominium and the subsequent conveyance of the condo units from (1) John and Edward to John, and (2) John and Edward to Edward, constitutes a division of land and conveyance in smaller parcels, the reassessment is proper. After consideration of the relevant provisions, we conclude that the conversion of the property to a 2–unit condominium and the subsequent conveyance of the condominium units constitutes a "division and con-

ties' assessed values." Section 1.1 of the Assessment Law, added by the Act of December 13, 1982, P.L. 1165, *as amended,* 72 P.S. § 5342.1 (defining, inter alia, "spot reassessment").

**12.** A "unit" is defined as a "portion of the condominium designated for separate ownership...." 68 Pa.C.S. § 3103.

**13.** A "unit owner" is defined as a "declarant who owns a unit, a person to whom ownership of a unit has been conveyed.... 'Unit

owner' does not include a person having an interest in a unit solely as security for an obligation." *Id.*

**14.** If the condominium as been created, a "declarant" is defined as, inter alia, "any person who has executed a declaration ... other than persons holding interests in the real estate solely as security for an obligation, persons whose interests in the real estate will not be conveyed to unit owners...." *Id.*

veyance in smaller parcels" such that reassessment was authorized.

First, prior to conversion of the property to a condominium, the property was assessed as one parcel of real estate. Thereafter, pursuant to Section 3105 of the Condominium Act, the creation of the condominium authorized the local assessment authority to treat each unit as a separate parcel of real estate, which the board then did, assigning a different tax parcel number to each unit. This action also resulted in a division of land for purposes of the Assessment Law. The subsequent conveyance of the units by deed effectuated a "conveyance in smaller parcels." Importantly, prior to these events, each co-tenant had an ownership interest in the entire property. Following conveyance of the units, however, John's and Edward's ownership interested was reduced. Thereafter, neither John nor Edward had an ownership interest in the entire property, nor retained any ownership interest in the other's condominium unit. Clearly, the property has been divided and conveyed away in smaller parcels, making reassessment proper under the Assessment Law.

Second, reassessment upon conveyance of the condominium units is consistent with the procedure envisioned by the Pennsylvania Municipalities Planning Code (MPC).[15] Section 513(b) of the MPC provides that the "recording of the plat shall not constitute grounds for assessment increases until such time as lots are sold or improvements are installed on the land included within the subject plat." 53 P.S. § 10513(b). Noting the similarity between our tax statutes and the MPC, we have observed that both statutory schemes demonstrate the General Assembly's intent "to forbear reassessing property merely because it has been subdivided, but once there has been a change in condition

of the property, i.e., such as a sale or improvement, to allow a reassessment of each new lot to occur." *Kraushaar v. Wayne County Bd. of Assessment & Revision of Taxes*, 145 Pa.Cmwlth. 314, 603 A.2d 264 (1992). *Accord Penn's Grant Assocs. v. Northampton County Bd. of Assessment Appeals*, 733 A.2d 23 (Pa. Cmwlth.1999).

■ In reaching our conclusion that the reassessment was authorized, we reject the argument that the conveyance of the condominium units resulted only in a change in the *form* of ownership, not the identity of the owners. According to Cunius, reassessment is proper under Section 3105(b) of the Condominium Act only when a unit is conveyed to a "unit owner other than a declarant." Therefore, he contends that the increased assessment at issue here is contrary to Section 3105(b) because the units were conveyed to the same individuals who were the original declarants.

While there is not any authority interpreting Section 3105, we agree with the respondents that use of the phrase "a unit owner other than a declarant" contemplates that taxation and assessment shall not occur until conveyance of the units begins. Our construction is supported by the comment to subsection (b), which provides that since the condominium may be created long before conveyance of the first unit, the provision "spares the local taxing authorities from having to assess each unit separately until such time as the declarant begins conveying units...." Uniform Law Comment, 68 Pa.C.S. § 3105(b). Like the MPC and the Assessment Law, the conveyance of the parcel or unit triggers assessment and taxation under the Condominium Act.

---

**15.** Act of July 31, 1968, P.L. 805, *as amended,*   53 P.S. §§ 10101–11202.

Further, more than just a change in the form of ownership occurred when the condominium was created and the units were conveyed to John and Edward individually. Following conveyance of the units, Cunius no longer possessed an ownership interest in the entire property; his interest is limited to his unit only and its proportionate share of the common area. Therefore, John's unit is technically not owned by the same declarants because Edward does not have any ownership interest in that unit.

■ Finally, we disagree with the argument that Section 3106 of the Condominium Act precludes an increase in assessment. That section provides:

*A zoning, subdivision, building code or other real estate use law, ordinance or regulation may not prohibit the condominium form of ownership or impose any requirement upon a condominium which it would not impose upon a physically identical development under a different form of ownership.* Otherwise, no provision of this subpart invalidates or modifies any provision of any zoning, subdivision, building code or other real estate use law, ordinance or regulation. Without limiting the other provisions of this section, *the creation of a condominium pursuant to section 3201 (relating to creation of condominium) out of an entire lot, parcel or tract of real estate shall not, in and of itself, constitute a subdivision or land development, for the purposes of these laws, ordinances or regulations.*

68 Pa.C.S. § 3106 (emphasis added). According to Cunius, Section 3106 [16] pre-

cludes the conclusion that creation of a condominium constitutes a subdivision of property for assessment purposes. Specifically, he argues:

In this case, by filing a Declaration of Condominium for the Union Court property the Appellant and his son, as Declarants, took the first step in creating a planned community out of a single parcel of land. Since the filing of the Declaration and the subsequent conveyance of the resulting units to each of the Declarants had no effect whatsoever on the existing *use* of the property and was not accompanied by any physical changes to the property ... and/or the sale of any portion of the [property] to a third party, the Appellant and his son were not required to obtain any subdivision and land development approvals prior to the creation of their new condominium.

Since the General Assembly has expressly provided that the change in the form of the Appellant's ownership interest in the [property] from a tenancy in common to a condominium does not constitute a subdivision or development of that property "for the purpose of laws, ordinances and regulations," and since the change in the form of the Appellant's ownership in the [property] was not accompanied by any of the physical changes which typically accompany the subdivision and land development of real estate, [common pleas erred in concluding that the increase in assessment did

---

**16.** Cunius actually cites to and relies on 68 Pa.C.S. § 5106, a similar provision applicable to planned communities. However, while a condominium may be a part of a planned community, planned communities, as defined, exclude condominiums. *See* 68 Pa.C.S. § 5103. The deed transferring ownership of the unit from John and Edward to John, indi-

vidually, describes the property transferred as "all that certain unit in the property known, named, and identified as Union Court Condominium ... which has heretofore been submitted to provisions of the Uniform Condominium Act...." *See* Reproduced Record at 16a (deed dated 8/16/08).

not constitute an unlawful spot assessment].

Appellant's brief at 12–13. We disagree.

By its very terms, Section 3106 does not apply to the tax assessment of condominiums. Rather, its application is limited to "zoning, subdivision, building code or other real estate use law[s], ordinance[s] or regulation[s]," all categories of regulation related to land use, not taxation and assessment. Further, the purpose of the provision, as expressly stated, is to prevent the prohibition of and discrimination against a condominium form of ownership. This intent is further reflected in the comment to the section, which provides:

> 1. The first sentence of this section prohibits discrimination against condominiums by local law-making authorities. Thus, if a local law, ordinance or regulation imposes a requirement which cannot be met if property is subdivided as a condominium but which would not be violated if all the property constituting the condominium were owned by a single owner, this section makes it unlawful to apply that requirement or restriction to the condominium . . . .

> 2. The second sentence makes clear that, except for the prohibition on discrimination against condominiums, the Act has no effect on real estate use laws . . . .

Uniform Law Comment, 68 Pa.C.S. § 3107.

Accordingly, while the creation of or conversion to a condominium does not constitute a subdivision of property for purposes of the application and approval process set forth in the MPC, it does constitute a division of land for purposes of whether a new assessment is permitted. To hold otherwise is contrary to the above discussed statutory provisions.

Finally, we note that the procedure advocated by Cunius, that is, simply apportioning the prior assessment between the two units, is illogical and contrary to the Assessment Law. We can discern no logical basis for interpreting the statutory scheme discussed above to require the assessment board to assign a new tax parcel number and tax assessment to each condominium unit but prohibit the determination of actual or current market value. Indeed such is contrary to the directives of the Assessment Law, which provides the circumstances under which an assessed valuation may be changed (Section 6.1, 72 P.S. § 5347.1) and the procedures for assessments and revisions thereto, which require a determination of actual value and application of the predetermined ratio (Section 7, Section 72 P.S. § 5348).

Therefore, finding no merit in the arguments presented, we affirm.

SMITH-RIBNER, J., dissents and wishes to be so noted.

### ORDER

AND NOW, this 4th day of June, 2009, the order of the Court of Common Pleas of Chester County in the above captioned matter is hereby AFFIRMED.