# Pennypacker v. Chester Co. Bd. of Assessment Appeals

*Steven M. Romano,* for appellant.

*Jeffrey M. Sommer,* for appellee Chester County Board of Assessment Appeals.

*Randall C. Shauer,* for appellee Tredyffrin/Easttown School District.

TUNNELL, *J.,* June 6, 2012—Barry L. Pennpacker has appealed the interim assessment increasing the assessed value of his property on the ground that it constitutes an illegal spot assessment under the circumstances. The issues he raises are whether the renovation and installation of a media room in an unfinished basement constitutes an improvement such as would allow a reassessment and, if so, was the reassessment in question done in a timely manner.

After a trial de novo on May 17, 2012, and in consideration of the competent and credible evidence presented therein, this court denies the appeal of Barry L. Pennypacker based on the following:

## FINDING OF FACT

1. The appellant is Barry L. Pennypacker, the owner of the subject property.

2. The appellees are the Chester County Board of Assessment Appeals and the Tredyffrin/Easttown School District.

3. The property that is the subject of this appeal is located at 1075 South Leopard Road, Berwyn, Easttown Township, Chester County Pennsylvania, Tax ID Parcel 55-4-115.4B.

4. The property consists of 12 acres of land, improved

by a two story residential dwelling of 10,000 sq.ft.

5. The property originally was an unimproved lot, owned by P. Theodore Babiy and Anne Marie Quinn.

6. On behalf of the owner, testimony was elicited and certain exhibits were identified by Mr. Babiy.

7. Mr. Babiy is a developer and builder who began improvements on the lot when he obtained a building permit in late October 2007.

8. This building permit, number 14429, was recorded in the computer system by the Chester County Board of Assessments on November 1, 2007.

9. There were no photographs of the basement, as a media room was to be added in the fall of 2010.

10. The property was listed for sale in April of 2010, with Prudential Fox & Roach Realtors.

11. In May of 2010, 30 months after the beginning of construction, the Chester County Assessment Office conducted an interim assessment of the property and set the assessed value of the building at $1,195, 660.

12. Renovation of the basement occurred in the fall of 2010, turning it into a 13 by 35 foot media room.

13. These renovations and additional construction continued on the property between September 2010 and the ultimate sale of the property in January 2011.

14. A certificate of occupancy was issued on January 3, 2011.

15. The property was sold to appellant, Barry L. Pennypacker, on January 13, 2011 for $5,300,000.

16. The applicable common level ratio for tax year 2011 is 55.4%.

17. An assessment was undertaken by the Chester County Assessment Office which raised the assessed market value of the property to $2,624,270, equating to a fair market value of $4,736,949.

18. An Assessment Change Notice followed dated February 16, 2011. From this, the owner filed an appeal to the Board of Assessment Appeals.

19. At the hearing on May 24, 2011, the Chester County Board of Assessment Appeals received into evidence a copy of the owner's deed to the property, which was probative of its fair market value.

20. As a result of the hearing, the assessed value of the subject property was further increased from $2,624,270 to $2,936,200.

21. The owner filed an appeal to this court, which conducted a trial de novo on May 17, 2012.

22. At trial, the Board of Assessment Appeals called Joseph Finnaren, the Chief Assessor of Chester County, to testify.

23. Mr. Finnaren described the procedure used in doing a 30 month interim assessment, explaining that if the field assessor determined a property was not yet completed, then a partial assessment is made based upon the estimated percentage of completion.

24. After expiration of the 30 month exemption period, a property must, by law, go "on record", even if only a partial assessment can be made.

25. The Chester County Board of Assessments was notified that a certificate of occupancy was issued for the property on January 3, 2011 and subsequently the property was sold.

26. The issuance of the certificate of occupancy and the filing of the deed alerted the Chester County Board of Assessments that the property had been improved and was potentially subject to reassessment.

27. The Chester County Board of Assessment Appeals multiplied the sale price of the property, $5,300,000 by the common level ratio of 55.4% to arrive at an assessment value of $2,936,200.

## DISCUSSION

Under Pennsylvania law, all real estate, but for a few specifically enumerated exceptions, are subject to local taxation and shall be valued or assessed at annual rates, 53 Pa. C.S.A §8811. However, new single and multiple dwellings constructed for residential purposes shall not be valued or assessed for purposes of real property taxes until occupied, conveyed to a bona fide purchaser or 30 months from the first day of the month after which the building permit was issued, 53 Pa. C.S.A §8813.

The parties in this present matter do not dispute that the property constructed at 1075 South Leopard Road, Berwyn, Easttown Township, Chester County is owned by appellant for residential purposes and as such subject to valuation, assessment and taxation. Nor do the parties in this matter dispute that construction of the dwelling began in late October of 2007 and was subject to a 30 month tax assessment exemption. A building permit was issued

in October of 2007. Upon expiration of the 30 month exemption period, in May of 2010, the property was subjected to an interim tax assessment and an assessed value of $1,532,750 was placed on the property.

Joseph Finnaren testified that, upon the expiration of 30 months, a field assessor makes a site visit and determines the completeness of the property. Because this property was not finished and was not occupied, a partial assessment was made as an interim assessment. This partial assessment is based on the field assessor's knowledge and experience in assigning a percentage of completion to the property and then basing the assessment on that percentage.

Subsequently, a second assessment was conducted on the property in February of 2011 after the property was conveyed to the appellant for $5,300,000. This is the assessment that is contested by the appellant. The crux of appellant's argument and the issue before this court is whether the renovation and installation of a media room in an unfinished basement as well as other construction completed in the Fall of 2010 constitute improvements to taxpayer's property such as would allow a reassessment of that property and, if so, was the second assessment conducted in February 2011 close enough temporally to these improvements.

### Permitted Reassessments

It is generally acknowledged that once an evaluation has been established for a taxable property, that valuation cannot be altered unless that change is the result of a countywide reassessment. *Radeke v. York County Board of Assessment Appeals* 798 A.2d 265, 267 (Pa. Cmwlth. 2002), citing *Althouse v. Monroe County Board of*

*Assessment Appeals*, 159 Pa. Cmwlth. 467, 633 A.2d 1267 (1993). The county assessors "cannot reassess less than an entire county except as correction of errors or as otherwise specifically provided by statute." *Sher v. Berks County Bd. of Assessment Appeals* 940 A.2d 629, 633, (Pa Cmwlth. 2008) citing *Vees v. Carbon County Board of Assessment Appeals*, 867 A.2d 742, 747 (Pa. Cmwlth. 2005). The statute provides:

> The assessor may change the assessed valuation on real property when a parcel of land is divided and conveyed away in smaller parcels or when improvements are made to real property or existing improvements are removed from real property or are destroyed. The painting of a building or the normal regular repairs to a building aggregating two thousand five hundred dollars ($2,500) or less in value annually shall not be deemed cause for a change in valuation." 53 Pa. C.S.A. §8817(a).

See, also, *In Re Delphais*, 903 A.2d 80, 83 (Pa. Cmwlth. 2006); *Cunius v. Board of Assessment Appeals of Chester County*, 976 A.2d 635, 638 (Pa. Cmwlth. 2009).

If a statutorily triggering event has not occurred, assessors are prohibited from engaging in what is deemed a "spot reassessment". *Sher*, 940 A.2d 629, 633, (Pa. Cmwlth. 2008), citing 53 Pa C.S.A §8843, *Radeke v. York County Board of Assessment Appeals* 798 A.2d 265, (Pa. Cmwlth. 2002). A spot reassessment is defined as a reassessment of a property or properties that is not conducted as part of a countywide revised reassessment and which creates, sustains or increases disproportionality among properties' assessed values." *Sher*, 940 A.2d 629,

633, (Pa. Cmwlth. 2008), 53 Pa C.S.A §8802.

As there is no evidence on the record regarding the property being subdivided or conveyed away in smaller parcels nor that there was a county-wide assessment, this court will only concern itself with the last method in which a property may be reassessed, and that is after improvements are made upon a property.

### Improvements

Our Supreme Court has held that not every bit of work done to change a building constitutes an improvement. "Improvement" has been defined as a "permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Groner v. Monroe Cty. Bd. of Assessment Appeals*, 569 Pa. 394, 400, 803 A.2d 1270, 1273, (2002), citing, *Spahr-Alder Group v. Zoning Board of Adjustment of Pittsburgh*, 135 Pa. Cmwlth. 561, 581 A.2d 1002, 1004 (1990).

In *Groner*, a preexisting women's apparel shop was converted into a brokerage office. The conversion included the removal of dressing rooms, storage rooms, counters, carpeting, lighting, shelving · and hanging fixtures. In addition, there was rewiring and installation of partition walls to create three offices. The Supreme Court reasoned that even though the renovations exceeded the statutory minimum amount at the time, the renovations did not constitute an improvement to the property. Id at 397.

*Groner* is distinguishable from the present matter. As stated, not every bit of work done to change a building

qualifies; an improvement must constitute a betterment of the property and enhance its capital value. *Groner*, 569 Pa. 394, 400, 803 A.2d 1270, 1273. Additionally, in accordance with current statutory requirement, the improvement must exceed a minimum monetary requirement of $2,500, 53 Pa. C.S.A. §8817(a). The owner's brief itself notes that between September 28, 2010 and January 13, 2011, the following construction took place within the property: (1) a custom bar built in the finished area of the lower level; (2) a media room approximately 13 feet by 35 feet was built in the unfinished area of the lower level; (3) a fireplace mantel and paneling; (4) a wall constructed between bedrooms 4 and 5, 4. Shelving was installed in the kitchen pantry and coat closets. Brief for appellant, at 3. While not every item on this list can be called an improvement, it is the opinion of this court that the construction of a 13 by 35 foot media room in the basement significantly contributes to the betterment of the property and enhances the overall value of the property. In order to construct a proper media room in an estate home, as the builder called it, of this size and quality, common sense tell us that a sum of money must be expended far in excess of the $2,500 minimum set by statute. It also follows that prospective buyers would open their wallets a little wider in finding that instead of a dark, musty, unfinished cellar, there was a large media room in a finished basement.

*Timing of reassessment*

The owner also argues that a reassessment due to improvements to realty must take place when the improvements are made and not at some arbitrary time in the future, lest the board engage in spot reassessment. Shenandoah Mobile Co. v. Dauphin County Bd. of

Assessment Appeals, 869 A.2d 562, 565 (Pa. Cmwlth. 2005), citing *Radeke v. York County Board of Assessment Appeals* 798 A.2d 265, 268 (Pa. Cmwlth. 2002).

In the present matter, the developer and builder, Ted Babiy, entered into an agreement for the sale of the property in September of 2010, with a closing to occur on January 13, 2011. Both these dates were before a certificate of occupancy had been issued for the property. Without the certificate of occupancy, the property could not be occupied. In the fall of 2010, various construction occurred on the property, including the addition of a media room in the basement. The issuance of the certificate of occupancy on January 3, 2011 and the requisite filing of a deed to the property after the sale to Pennypacker indicated the property had been improved and completed. Because of this, on or about February 16, 2011, the Assessment Office conducted a full assessment. As this assessment was conducted less than a month after the Assessment Office had notice that improvements had been made to appellant's property, it cannot be regarded as conducted at an arbitrary time in the future. The court concludes that no spot assessment of Pennypacker's property occurred.

## CONCLUSIONS OF LAW

1.  The completion of a large media room in the basement of this house constituted an improvement, subjecting the property to a reassessment.

2.  The improvements to the property were made between the interim assessment of May 2010 and the interim assessment of February 2011.

3.  The assessment performed in February 2011 was

timely.

4. The value of the property as of January 2011 is $5,300,000

5. Application of the respective common level ratios to the actual value yields the following assessed value:

For January 2011 $5,300,000 x 55.4% =$2,936,200

6. The taxing authority did not engage in a spot-reassessment.

7. An appropriate order follows.

## ORDER

And now, this June 6, 2012, following a trial de novo in the above captioned matter by the undersigned, sitting without a jury, the appeal of Barry L. Pennypacker of the interim assessment made on the subject property in February of 2011 in the amount of $2,936,200 is denied: