**David RAUP, Appellant**

v.

**DAUPHIN COUNTY BOARD OF ASSESSMENT APPEALS, Dauphin County, The Borough of Paxtang and the Central Dauphin Area School District.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2014.

Decided Jan. 14, 2015.

---

Anthony T. McBeth, Harrisburg, for appellant.

Jeffrey B. Engle, Harrisburg, for appellee, Dauphin County Board of Assessment Appeals.

BEFORE: RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

David Raup appeals from the December 30, 2013, order of the Court of Common Pleas of Dauphin County (trial court) denying Raup's appeal from a final decision of the Dauphin County Board of Assessment Appeals (DCBAA). We reverse.

The facts are essentially undisputed. Raup is the owner of a tract of land in Paxtang, Dauphin County. On January 31, 2011, Raup filed a subdivision plan, subdividing the tract into two lots, Lot 5A and Lot 5B, which are located at 3777 and 3779 Derry Street, Harrisburg, respectively.[1] At that time, the taxing authority did not change the tax assessment for the tract.

On February 27, 2012, Raup recorded a deed in his name for Lot 5A for one dollar. In response, the taxing authority issued

---

1. At the time Raup purchased it, the tract was improved with a duplex, which is one building with a common party wall that divides the building into two separate homes.

Raup a Notice of Change in Assessment, giving what was previously a single tract two separate tax parcel identification numbers. The taxing authority designated Lot 5A as parcel number 47–040–005 and Lot 5B as parcel number 47–040–010 and assessed each parcel individually.

On May 15, 2012, Raup appealed, *pro se,* the two assessments to the DCBAA. The DCBAA held a hearing on August 7, 2012, at which Raup contested the increased assessments and the fact that the parcels had been assessed at all. The DCBAA lowered the assessments for each Lot.[2] Raup appealed to the trial court, alleging that it was improper for the taxing authority to have issued new assessments on both parcels and that the assessment should have remained the same, on the tract as a whole.[3]

Before the trial court, Raup testified that he contacted the Dauphin County taxing authority asking how to obtain separate real estate tax bills for the two lots in his subdivision plan. The taxing authority told Raup to record a deed so that the two separate lots could be identified. Raup argued that the dollar-deed to himself was not a "sale" of real estate that triggered an assessment under section 8817 of the Consolidated County Assessment Law (Assessment Law), 53 Pa.C.S. § 8817, or section 513(b) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10513(b).[4]

The trial court determined that Raup's dollar-deed transfer to himself was "the appropriate triggering mechanism for a county's assessment office to recognize and review the new valued parcel." (Trial Ct. Op. at 8.) It further determined that an improvement that existed prior to subdividing a tract was an improvement at the time the tract was divided into parcels. (*Id.,* at 7.) The trial court denied Raup's appeal and Raup, thereafter, appealed to this court.[5]

Raup contends that there was neither an improvement to the tract at the time it was divided into two parcels nor a "sale" triggering an assessment. We agree.

Section 8817(a) of the Assessment Law, 53 Pa.C.S. § 8817(a), provides in pertinent part:

> **General rule.**—In addition to other authorization provided in this chapter, the assessors may change the assessed valuation on real property when a parcel of land is subdivided into smaller parcels or when improvements are made to real property or existing improvements are removed from real property or are destroyed. The recording of a subdivision plan shall not constitute grounds for assessment increases until lots are sold or improvements are installed.

Section 513(b) of the MPC, 53 P.S. § 10513(b), provides that "[t]he recording of the plat shall not constitute grounds for assessment increases until such time as lots are sold or improvements are installed on the land included within the subject plat."

■ Initially, Raup contends that the improvements on the tract did not consti-

---

2. The tax assessment for Lot 5B was reduced from $66,600 to $59,900. However, the reduction for Lot 5A is not in the record.

3. The record does not contain the tract's assessment as a whole. Presumably the assessment was lower than the combined assessments for Lots 5A and 5B.

4. Act of July 31, 1968, P.L. 805, *as amended.*

5. Our review is limited to determining whether the trial court abused its discretion, committed an error of law, or reached a decision unsupported by substantial evidence. *In re Young,* 911 A.2d 605, 608 n. 7 (Pa.Cmwlth. 2006).

tute grounds for assessing both parcels separately. This court has held that "[w]hen a change in an assessment is based on improvements made to real property, the change must come when the improvements are made and not at an arbitrary time in the future." *In re Young,* 911 A.2d 605, 609 (Pa.Cmwlth.2006); *see also Radecke v. York County Board of Assessment Appeals,* 798 A.2d 265, 268 (Pa.Cmwlth.2002). An "improvement" is not added to a lot merely by subdividing it. An improvement would require an "addition to real property." Black's Law Dictionary 826 (9th ed. 2009).

Here, there were "no further erections, buildings, houses, whatever" to either parcel. (N.T. at 6.) There is no dispute that half of a duplex was situated on the "new parcel" long before Raup recorded the deed in February 2012. There was no improvement simply because the tract was divided into two parcels. Thus, the DCBAA was not authorized to issue separate assessments based on "improvements" to the parcels.

■ Next, Raup contends that the dollar-deed to himself did not constitute a "sale" within the meaning of the above statutes. The Pennsylvania Supreme Court has stated that " '[a] taxing statute must be construed most strongly and strictly against the government, and if there is a reasonable doubt as to its construction or application to a particular case, the doubt must be resolved in favor of the taxpayer.' " *Skepton v. Borough of Wilson,* 562 Pa. 344, 755 A.2d 1267, 1270 (2000) (citation omitted).

Both parties rely on *Kraushaar v. Wayne County Board of the Assessment and Revision of Taxes,* 145 Pa.Cmwlth. 314, 603 A.2d 264 (1992). In *Kraushaar,* a developer subdivided real property into 27 separate lots and subsequently sold one lot

to someone other than himself. *Id.* at 265. Thereafter, the taxing authority sent the developer a separate assessment for each lot, which in the aggregate was substantially higher than the single assessment of the whole property. *Id.* This court stated that "the sale of a lot would establish the property's market value and any improvement, even to only a portion of the parcel, would have an effect on the value of the remaining parcels, thereby warranting that each lot be reassessed up or down." *Id.* Further, this court determined that "the Pennsylvania Constitution requires that all real estate similarly situated must be taxed at the same amount." *Id.* at 266; *see* Pa. Const. art. IX, § 1. We therefore held that all of the lots were subject to reassessment after the sale of the first lot. *Kraushaar,* 603 A.2d at 266.

Raup contends that, pursuant to *Kraushaar,* the term "sale" does not apply to him because Raup did not sell the lot to another party. Further, Raup's act does not establish the property's fair market value because it was a dollar-deed. Raup argues that because nothing occurred that would be of any meaningful help in making a new assessment and nothing that typically triggers a new assessment occurred, a new assessment was not warranted. Neither the Assessment Law nor the MPC permits assessment increases until a lot is "sold." *See* 53 Pa.C.S. § 8817(a); 53 P.S. § 10513(b). The "Sale of land" is defined as "[a] transfer of title to real estate *from one person to another* by a contract of sale." Black's Law Dictionary 1456 (9th ed. 2009) (emphasis added).

In order to sell real property, the property needs to be sold "to another party." Here, there was no "other party," only Raup. Because there was no sale of real property, there was no trigger for an assessment increase.[6]

Accordingly, we reverse the trial court's order.

## ORDER

AND NOW, this *14th* day of *January,* 2015, we hereby reverse the December 30, 2013, order of the Court of Common Pleas of Dauphin County.

---

6. The taxes shall be apportioned so that the assessment for each lot does not exceed the assessment of the tract as a whole.